UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRK WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, <br><br> Defendant. | Case No. 15-168 RSL-BAT <br><br> **REPORT AND RECOMMENDATION** |

Defendant State of Washington moves for dismissal of all claims against it pursuant to Fed. R. Civ. P. 12(b). Dkt. 6. Plaintiff Kirk Williams filed his original complaint in the King County Superior Court and on February 5, 2015, Defendant removed this action to this Court. Dkt. 1. Defendant moves for dismissal based on Mr. Williams' failure to state a claim and argues that his claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). The Court recommends that Mr. Williams' complaint be dismissed without prejudice as he has failed to state a cognizable Section 1983 claim.

**PLAINTIFF'S ALLEGATION**

Mr. Williams is currently confined at the Airway Heights Correction Center. Mr. Williams alleges the jury that convicted him was racially biased and unfair. He does not allege when this occurred. He also does not allege that his conviction has been overturned on appeal or

REPORT AND RECOMMENDATION - 1

has been otherwise called into question. Dkt. 1-1. Mr. Williams seeks a declaration that Defendant violated his civil rights, $22.5 million in compensatory damages, $22.5 million in punitive damages, and a trial by jury. Dkt. 1-1.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000). See also, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir.2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983

REPORT AND RECOMMENDATION - 2

action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).  The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Based on the foregoing standards and viewing the allegations of Mr. Williams' complaint in the light most favorable to him, the undersigned concludes that Mr. Williams cannot pursue a § 1983 action because he has not demonstrated that his conviction or sentence has been invalidated.  Mr. Williams contends that he is guaranteed equal protection under the Fourteenth Amendment and that he is entitled to relief from an improper jury selection and results in unfair discrimination.  Dkt. 10, at 1-2.  However, a judgment in favor of Mr. Williams in this case – *i.e.,* that the racial composition of his jury was unfair – would necessarily imply the invalidity of his conviction.  Such a claim is barred by *Heck.*  To obtain federal judicial review of a state court conviction, a party must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).  A state prisoner must present the state courts with the same claim he urges upon the federal courts.  *Picard, supra.*

It is, therefore, recommended that Defendant's motion to dismiss (Dkt. 6) be **GRANTED** and Mr. Williams' complaint be **DISMISSED WITHOUT PREJUDICE.**

REPORT AND RECOMMENDATION - 3

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **Friday, May 1, 2015.** The Clerk should note the matter for **Tuesday, May 4, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 12 pages. The failure to timely object may affect the right to appeal.

DATED this  13th  day of April, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge